UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-87-RJC

| SYLVESTER LEON LITTLE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| SUSAN JOHNSON, | ) | |
| Respondent.[1] | ) | |

**THIS MATTER** is before the Court following Petitioner's Response to the Court's Order dated April 29, 2013, in which the Court ordered Petitioner to explain why his 28 U.S.C. § 2254 petition is not time-barred and, if it is time-barred, why equitable tolling should apply. See (Doc. Nos. 6; 7). For the following reasons, the Court dismisses the § 2254 petition as time-barred.

## I.  BACKGROUND

Pro se Petitioner Sylvester Little is a prisoner of the State of North Carolina who, on June 5, 2009, in Anson County Superior Court, pled guilty and was convicted of first-degree murder, two counts of first-degree kidnapping, and possession of a stolen vehicle. Petitioner is serving to a life sentence and is currently incarcerated at Johnston Correctional Institution in Smithfield, North Carolina. On March 11, 2010, the North Carolina Supreme Court denied a petition for writ of certiorari filed by Petitioner. State v. Little, 694 S.E.2d 768 (N.C. 2010). On October 4, 2010, the U.S. Supreme Court denied a petition for writ of certiorari filed by Petitioner. Little v.

---

[1] Petitioner named as Respondent Susan Johnson in his Amended Petition. The proper Respondent in this action is Joseph Hall, current Administrator of Johnston Correctional Institution. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

1

North Carolina, 131 S. Ct. 183 (2010). On March 12, 2013, the North Carolina Supreme Court denied Petitioner's "Application for Actual Innocence Relief." (Doc. No. 3 at 16).

On March 19, 2013, Petitioner placed the amended § 2254 petition in the prison mailing system, and the petition was stamp-filed in this Court on March 25, 2013.[2] In the amended petition, Petitioner alleges as the sole ground for relief that he "is actually innocent of [first]-degree murder." (Doc. No. 3 at 5).

## II. STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

As noted above, Petitioner was convicted on June 5, 2009. He does not assert that he

---

[2] Petitioner placed the original petition in the prison mail system on January 17, 2013, and it was stamp-filed in this Court on February 12, 2013.

2

appealed his conviction or filed a Motion for Appropriate Relief in Anson County Superior Court. In the amended petition, Petitioner has left blank Section 18 regarding timeliness. See (Doc. No. 3 at 13). In Section 18 of his original petition, Petitioner states only "failure to review miscarriage of justice." See (Doc. No. 1 at 13).

On April 29, 2013, this Court entered an Order giving Petitioner twenty days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons why the Court should apply equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Petitioner filed his response to the Court's Order on May 6, 2013. (Doc. No. 7). In his response, Petitioner does not contend that the petition was timely filed. Rather, he contends that equitable tolling should apply in this case. The AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner states that equitable tolling should apply in this case because he is actually innocent.

The Fourth Circuit has not addressed whether a claim of actual innocence may equitably toll the AEDPA one-year limitations period. Even if the Fourth Circuit were to recognize such tolling based on actual innocence, Petitioner's allegations are insufficient to qualify him for such a rare exception to the one-year limitations period. Petitioner has failed to present credible evidence of his innocence, meaning the evidence must be "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial.'" Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (quoting

3

Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner merely contends in conclusory fashion that the prosecution failed to present any eyewitness testimony of the crime or any "video or photos of the petitioner killing or harming the victims," and that this Court's failure to review his claim on the merits would constitute a miscarriage of justice. (Doc. No. 7 at 2). Essentially, Petitioner contends that there was no direct evidence of murder that the evidence against him was insufficient, and he further contends that his guilty plea was involuntary.

First, it is well established in North Carolina that direct evidence is not required to prove the elements of a crime; rather, circumstantial evidence can also be sufficient. See State v. Hines, 284 S.E.2d 164, 167 (N.C. Ct. App. 1981). Second, Petitioner entered a plea in which he swore under oath that was, in fact, guilty of the charges against him. In any event, Petitioner has brought forth no reliable evidence of his actual innocence that would justify equitable tolling in this case. Therefore, equitable tolling is not appropriate and the Court will dismiss the Section 2254 petition as time-barred.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1)  The Section 2254 petition, (Doc. No. 1), is denied and dismissed as time-barred;

(2)  The Clerk is directed to terminate the case; and

(3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack

v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge